UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | No. 2:18-cv-01489 CKD P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. <u>See</u> 28 U.S.C. § 636(c); ECF No. 7.

Plaintiff filed the complaint commencing this action on May 25, 2018. ECF No. 1. However, before the court could screen this complaint, plaintiff filed a first amended civil rights complaint on January 22, 2019. ECF No. 13. Therefore, the court will proceed to screen the pending first amended complaint.

Plaintiff requests leave to proceed in forma pauperis. ECF No. 5. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to

1

collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the First Amended Complaint**

As an initial matter, the court notes that plaintiff titled his amended pleading as a "petition for habeas corpus and a civil rights complaint…." ECF No. 13 at 1. The confusion generated by these multiple titles was not clarified by the contents of the amended complaint itself. Plaintiff's allegations consist of incomprehensible diatribes on a variety of topics including slavery, trademark infringement, conspiracy allegations, and baptismal records. The court is unable to discern how any of the named defendants in this action are responsible for the grandiose conclusions asserted in the amended complaint.

**III.    Discussion**

To the extent that plaintiff intended to file a civil rights action, the court finds the allegations in the amended complaint to be so vague and conclusory that it fails to state a claim upon which relief can be granted. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

To the extent that plaintiff intended to file a federal habeas corpus petition, the court takes judicial notice of his pending habeas corpus action in Civil Case No. 2:17-cv-02276-MCE-EFB that was filed on October 30, 2017.[1] Since being denied in forma pauperis status on October 5, 2018 in that federal habeas action, plaintiff has filed three amended habeas petitions.[2] See ECF Nos. 14, 15, 16 in 2:17-cv-02276-MCE-EFB. In Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008), the Ninth Circuit Court of Appeal held that a newly filed pro se habeas corpus petition should be construed as a motion to amend a previously filed habeas action that was still pending before the district court. In this case, however, the court will not order plaintiff's amended complaint to be filed as a fourth amended federal habeas petition in Civil Case No. 2:17-cv-02276-MCE-EFB because such action is futile. The amended complaint in this action is unintelligible and does not state any plausible claim for relief, regardless of whether it is construed as a habeas petition or a civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5 ) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] On January 29, 2019, Magistrate Judge Edmund Brennan issued Findings and Recommendations that plaintiff's pending federal habeas action should be dismissed because he has not paid the filing fee or filed an amended habeas petition that cured any deficiencies identified in his original § 2254 petition. See ECF No. 22.

shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for an order to show cause (ECF No. 14) is denied to the extent that it seeks plaintiff's immediate release from custody.

4. Plaintiff's first amended complaint (ECF No. 13) is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 25, 2019

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/simm1489.screen.docx